Case number 316-0315, People of the State of Illinois, Appellee by Justin Nicolosi v. Xavier Holliday, Appellant by Matthew Lemke Mr. Lemke, hello again Good afternoon, my name is Matthew Lemke and I'm an Assistant Appellate Public Defender with the Office of the State Appellate Public Defender and I'll be representing Mr. Holliday this afternoon Your Honor, may it please the Court, the issue in this case is the sufficiency underlying the conviction of Mr. Holliday who is convicted of possession of cannabis with intent to deliver In our brief, I raised two arguments challenging this conviction I'll be focusing on the first issue in this argument In Mr. Holliday's case, three bags of suspected cannabis plant material were found outside an apartment building Outside of the bags, nearby the bags, was also some loose material, loose plant material, suspected cannabis The officers involved in the case collected all the material The officer who collected the material and submitted it to evidence took the cannabis, or he took the suspected cannabis, the plant material, out of each of the three bags He removed it entirely and placed it in a larger bag along all of the loose material that he collected from the ground So the three bags and the extra on the ground, three bags plus, was all put into the one evidence bag The officer then sent that evidence bag, I believe it's People's Exhibit No. 1, to test it to have it be professionally tested to determine whether or not that material was infected Where was it sent? I believe it was sent to the Morton Lab, but I know that specifically it was tested by Ms. Dierker Ms. Dierker was the name of the technician Michelle Dierker Correct Dierker I don't know if I'm pronouncing it correctly, but that's close So, anyway, so she tested the material and she testified in court to how she tested it And Ms. Dierker testified that she took a single sample of Exhibit 1, of all the loose chemical material and she tested it and she did the two different types of analysis that I'm sure the court is familiar with The microscope analysis as well as the chemical analysis And that sample tested positive for cannabis We do not dispute that one single sample tested positive for cannabis in this case What we do dispute is that the state proved beyond a reasonable doubt of the amount of cannabis that was collected in this case Because all of the plant material was co-mingled into one single package we don't know how much material was in any of the given bags Under the Jones case, and subsequent to Jones, Jones and his progeny the law is clear in that homogenous materials, if a substance is homogenous in its container the state is allowed to just conduct random testing of that sample And that random testing is allowed to be the basis of an inference so that someone, the fact finder can include the entire package of that material based on that random testing So it's really random sampling testing? That's correct, your honor Okay, rather than random testing That's correct, your honor So how many random samples have to be taken? Well, you know, I don't know if there's a set number of how many random samples need to be taken but the court did not answer that question in this case because in this case the plant material was not homogenous First of all, there was no evidence as to description of what the plant material physically looked like So we know that it was all put in one container but there's no testimony about what the plant material looked like how it resembled other portions of the plant material in the single container We don't know if it was consistent throughout or if there were differences between the different parts of the plant material We just frankly don't know because there's no testimony She testified about the one sample That's correct, your honor So we do know that that one particular sample tested positive for cannabis but we also don't know if that particular sample came from any of those three bags or if that particular sample came from, maybe that was on the ground that was a separate, a loose material on the ground So because, if I may go back a little because we do not, because the material is not homogenous the law under Jones and his progeny requires that the state test every single package and certainly that was not done in this case So under Jones and subsequent cases, because the material was not homogenous and there was no evidence to even suggest to have a basis that it could be homogenous in this case and there's no authority that the state has provided I don't think this court can conclude that the plant material was homogenous and if it was not homogenous, the state was required to test every single bag but that was complicated in this case because it was all clean So, in light of all of that, the state was unable to conclude or needed its burden to conclude that if roughly 1,000 grams of material collected in this case is cannabis they can't make that conclusion because we don't know if, in fact, all of the material collected from the three bags and the extra material, if it was all of the same So what we can conclude is that one sample tested positive for cannabis but we don't know the amount of that sample so we can't make a judgment based on how much that was and as I said earlier, we don't know if that came from a particular package or on the ground so we can't conclude or work backwards to find out a different size or a different amount We also don't know the amount of material in each of the bags We don't know the amount of material that was on the floor or on the ground, I should say So, basically, all we do know is that one sample, but we don't know the size, tested positive and the entire mass of all of the material was roughly 1,000 grams After getting more information and there's no testimony that came to my office we asked this court to conclude that the state did not need its burden because there was not sufficient evidence So, if the state was unable to meet its burden for proving a specific amount our request in this case is that this court reduce the conviction to a civil violation and that is because that is the only violation that really addresses when there's a trace amount or we can't say a specific amount was recovered So, our request in this case is that this court reduce Mr. Halliday's conviction to a simple possession of an unspecified amount and that's a civil violation We ask that you vacate the sentence and remand his cause after further proceedings in light of those holdings What about a Class B misdemeanor? Well, Your Honor, in this case, the state leaned heavily on the quantity as being its basis for intent to deliver and opposing counsel, the state in this case, in its brief, conceded actually that if the first issue this issue I'm arguing now is successful and the court cannot conclude a particular amount that it concedes there was not enough evidence to support an intent to deliver charge So, it's a concession by the state? Yes, Your Honor Now, what's your argument that this is not homogenous? Again, succinctly I would say first of all, Your Honor, there's no evidence that it is homogenous and we can't make that determination because we just frankly don't know what all the material looks like Were there pictures? There's one picture taken, a grainy photo that I have that's in the record of the, I think, three bags taken outside of the apartment building where it was found at night and it's a grainy photo and it's difficult to really tell aside from there's material in the bag there was not close-up photos to show this is what it looks like and there's certainly no testimony from the expert and there was no discussion from the court or any parties concerning what the material looks like and if you compare this case to... The officer didn't testify? The person who combined them? He did testify, actually. He testified that he combined the full and equal amount of material but he did not testify, he did not explain, he did not describe the material Let's say that he said I see three bags there and they all look like they contain the same substance and I put them all together in one bag Would you still be making that argument that they were not homogenous? I'm sorry, would you of course state the premise one more time? Yes, the officer who sees the three bags testifies that I saw each bag and that, in my opinion, contained the same, each bag had the same contents I would be still making the same argument because, first of all, I think there has to be some basis for a person The first question I think is, well let me rewind, the first question is can an officer decide? I don't know if the case law has decided that question but that's not important because all of the case law that says a particular thing is homogenous or not it goes through different descriptions of that item So one case that comes to mind is there's a pill, a bunch of pills are found and they're all identical and they describe them in detail They say the size is the same, the color, the shape, and it goes all the details as you can and I understand that may be more difficult in certain circumstances but there is frankly no description in this case whatsoever and absent any description of the different material I don't think any fact finder would have enough basis to conclude it's homogenous We know that one example... Well, you're taking my, you're going off on my example but usually it's sufficient for intent to deliver All you have to do is say I'm an officer, I've experienced in this drug trade, etc and in my experience this quantity possessed by an individual shows an intent to deliver and we do that So let's take my officer, he says, you know, I've got 25 years of experience of intercepting and arresting people for possession of substance that I see and I see this as marijuana in my experience and each and every bag contained marijuana So what I understand from the typical perspective is that the officer makes a conclusion that it is marijuana but also that it's homogenous? Yes, because it's all marijuana I don't think that the officer can make that conclusion based on his, whatever experience he has It certainly needs to be tested and he can't make that determination that it's marijuana just by looking at it Well, but now we have the lab, right? They can combine it, can't they? Just so that I understand, the lab can combine it for testing? Yes I don't know the specific procedures and I'm certainly not well versed in the testing procedures of specific chemicals but that's not what was done in this case In this case it was all combined ahead of time and only one sample was taken So we certainly don't have the information But if an officer testifies that all three bags, in his opinion, contained marijuana that can't go to the homogeneity of the substance contents of the bags? No, Your Honor, I don't think it's for the First of all, I don't think it's for the officer who decided it's homogenous I think it's for the fact finder but I assume that that would be submitted to the fact finder I mean, obviously it is, the conclusion is, but I'm talking about giving that opinion Is he able to give that opinion? I think that at the bare minimum the officer would have to provide a basis for that opinion and he would have to say, you know, based on, I think, I'm not well versed on how to tell what a substance is but you have to give physical descriptions His years of experience of seeing it I can't speak to that as well, Your Honor But I would say that I think it has to be a physical description of the particular substance in this case I can't speak to whether an officer is an appropriate person I would argue that I think an expert is the person who should decide that Someone who is certified to determine what a substance is We certainly don't know Yeah, but we're talking about homogeneity here We're not talking about whether it is or is not marijuana It's whether the contents of the bag are homogeneous I don't know that an officer who would be trained in just, you know, whether it's intended to distribute or not would know what factors would constitute a homogenous plant-like material As opposed to, a pill is easy I think, you know, I could tell a pill, this is a white pill, it says the letter L on it That's easy for me to tell But I don't know, you know, if I look at plant material, I'm not well-versed in plant material I can look at one thing and think it looks just the same as another I don't know what different things So I think, well, I don't think that's an issue necessarily that's necessary to this court's deliberation In this case, I do think that the officer would at least have to supply some sort of basis or expertise on how he could determine that And you'd have to share some observations And certainly without doubt in this case In this context, what does homo... Homogenous or homogenated? What does that mean? Does it mean in terms of how it looks? Or what it is? Or what is it? If it's all the same color, is that enough? So I've not been able to find a post-Jones case dealing exclusively with cannabis But based on the other cases that deal with other substances I think that it is a multifaceted approach that deals with appearance, substance, and texture So it's not just something, it's the color green And these are all the color green Because certainly there are cases where a number of white pieces are on the ground They're alleged to be crack cocaine And we find out that there's multiple different substances here And the court says that's not... You can't say that this random testing was adequate there So I don't think one particular facet would be sufficient Like in this case, if it's a light green plant material color I don't think that would be sufficient So what if some of the alleged marijuana was totally dry and crumbled up And some of the other was not totally dry And it had little bits of green in it If that's all mixed together, is that homogenous? Well, I think we have an added complication in this case Because all the material was co-mingled So whatever the circumstance or whatever the status of the material Whatever it was, how it was organized before We have no way of knowing at this point because it's co-mingled So I would posit that once everything is co-mingled That's a good way of knowing what is what And with your hypothetical, your honor I think that just further contaminates any plant material If it degrades and rubs up against other pieces and things like that So I think that, first of all, co-mingling complicated Any scientific rational basis to determine what each substance was And how much of it was But when you complicate it further by having degradation mixing around And things like that, I think that further complicates it Two minutes, please Why do you say the state conceded the intent to deliver? Is it because they talked about the amount? My understanding in the state's response brief Is they expressly communicated that If Mr. Holiday is successful on count one Or excuse me, argument one That they concede that there's not enough evidence to move forward With the intent to deliver, I should say Later on in the brief, they focus in on the amount Your honor, I raised two arguments challenging Mr. Holiday's conviction The second argument was if this court does not credit Mr. Holiday's first argument But in the alternative, I didn't believe that there was sufficient evidence To sustain an intent to deliver charge That it would just be a felony possession In the event that the court did not credit the first argument So I think the state's concession I'm sure Mr. Nicolosi will correct me if I'm incorrect The state's concession was that if Mr. Holiday is successful on argument one That there was only a trace amount proved to be present That they would not use the amount of substance To support a conviction for intent to deliver Because the state leaned heavily upon the amount of the substance In the original trial to convict Mr. Holiday of intent to deliver So absent any evidence of the amount I think that's the genesis of why the state conceded Mr. Nicolosi Thank you Your honor, may it please the court and counsel Justice Carter, do you have any further questions? So you're conceding that? If this court finds that the state could only prove That a trace amount of the plant material was cannabis Then yes, we are conceding that the state did not prove That he had an intent to deliver trace amount of the drug And the trace amount being determined by the one drawn random sample? Because it contained marijuana Yes, that is established, but if this court goes that direction Yes, we are conceding the intent to deliver aspect of that small amount So then if that was the case We'd be talking about a civil matter? I would assume so, I didn't research that I don't feel the need to get into that But I would assume whatever a trace amount would warrant, then yes Well, your honor, the state would submit that the state Properly proved the defendant guilty of the charge of offense in this case And we established that, or we would submit that The samples in this case were sufficiently homogenous To be able to report the evidence that the material The entirety of the material was cannabis And there are two items in support of that statement Number one was the expert in this case, Michelle Erker She's from the Illinois State Police She's an expert in the field of use of cannabis That was stipulated by the facts in the state She testified that the entire 1,040 grams tested The entire 1,040 grams of material of paint Was cannabis to a reasonable degree of scientific certainty That was of course based on the portion that she tested And the state would submit that naturally She being an expert in this field of use of cannabis materials She was able to look at the entirety of The portion of the plant material that was obtained in this case Otherwise the state couldn't possibly understand Where she would reach that conclusion that she did That this to a reasonable degree of scientific certainty That this entire portion is We had different packages that were co-mingled, didn't we? Yes They were co-mingled before the testing? Yes Yeah, I'm just... And no testimony about homogeneity? Not specifically Isn't that a problem under the case law? Well, Your Honor, I understand it's not the ideal fact pattern Not the most desirable No Given the cases, right? Well, Your Honor, moving out of the cases I think the black case, which I cited in my brief Is pretty strong support for the state's position here In that case, the officers observed some suspicious activity Some hand transfers between individuals They found... They went to the spot where the individual turned out to be the defendant Was getting these items And they recovered a stash of 12 blue Ziploc packets Each with what the officers suspected was cocaine An expert tested three out of those 12 packages And they all tested positive for cocaine The conviction was established And the appellate court found that the packets... They looked at the circumstances of the entire case To determine that those facts supported an inference That all the 12 packages contained the same substance Well, here you have, what, three packets? Yeah, three packets That are combined before testing? Yes Before testing? I believe so, yes Well, it was before testing So that seems to run afoul even of a case that you're urging us... That supports your position Well, I don't know, Your Honor Because they took the sample from the 1048 grams So the sample did come from there I don't think there's any debate about that The sample did come from somewhere else Certainly a portion of the 1048 grams, beyond debate, was cannabis Which cases this year? People v. Black They were in packets, weren't they? Yes And she tested the contents of three packets out of 12 But she did not test the nine Right The appellate court even found that based on the fact that packets were found together The fact that they looked similar And that they were found in a spot where the defendant was using that stash to sell cocaine out of Those circumstances supported the random sampling that was done in that case Supported how much weight? I don't know the weight It supported the entire amount that they found Which is, again, similar to the argument you're making here I mean, there's case law to the effect that if you have separate packets They can't be combined to reach a specific weight prior to testing I understand that, Your Honor Again, I'm just going with what the expert testified She testified that to a reasonable degree of scientific certainty That all of this information, or all of this material was cannabis Based on the circumstances in this case, I think that there's support for that Well, it would have been an analogous case had the three bags not been commingled And she tested only one of the bags It would have been certainly more in line with that Right But the state submitted that just because the packets in black weren't commingled That's not the only way to establish that To use a random sample, I don't think that's the only way to do it The state would argue, again, as we did in Harvard That this is another case, this is a scenario where Well, it's a question about the amount This is a question about the amount of the drugs Correct It is, and there's no question about it So if you get a little bit, a little packet And you throw it in a big bag with a bunch of other leafy material That's good enough to say this whole bag is Because the expert says, well, I tested this little packet You know, I mean, I took the little packet, threw it in the big bag Tested that stuff from the little bag So I say, oh, you know, that whole bag's cannabis Absolutely Your Honor, that's just my, it's the argument You know, a conviction was in a blow I'm arguing, the state's arguing that the circumstances Given the way they found this material This is a gentleman who ran through the window Threw the stuff out the window It's pretty strong circumstantial evidence that this is an illegal drug And the reason I refer to the Black case and other cases in my brief Is that those cases used circumstantial evidence To establish that this was an illegal drug That the entirety of what was recovered Well, he did some things, you know, he fled the police He dropped a scale, a large amount And a cannabis look-alike that was packaged in three bags In addition to packaging materials in plastic baggies There's some other Yeah, there's quite a large portion of evidence That kind of shows pretty strongly that this gentleman Was in possession of a significant amount of illegal drugs And in the Black case, and even in the Hall case Which Mr. Lemke referred to This court looked at the circumstances surrounding The entirety of the events to establish To form a decision on whether the ban was passed What, why would the police take How many bags were there? Three Why would they take three bags? I mean, we're talking Ziploc bags, right? I would assume so I remember the picture, I don't, yeah They were plastic bags, so And then combine them into one bag? I don't have that Were they collecting Ziploc bags back at the station or something? I don't know Yeah, I don't know why they did what they did I'm just arguing that it wasn't fatal to this case And again, I The state would submit that The defendant was properly proven guilty Based on certain cases And the evidence, the circumstances in this case That their conviction should be affirmed If there are any other questions, I'd be happy to entertain them If not, I'd like to move this thing next to this court Referring to the defendant's conviction Okay, thank you We thank both of you for your arguments this afternoon We'll take the matter under advisement Doesn't he have obvious reasons? Oh, I'm sorry, I'm sorry It's late I wasn't trying to shortcut you, I apologize It's been a long day Well, Your Honor, I just want to leave with the one point That Mr. Nicolosi asked this court to kind of lean on the expertise of Ms. Differ In this case, because she made a conclusion And she is a trained expert That we should kind of assume or infer That she made the right decision And took the right considerations Before she made her conclusion And I'd just like to remind the court That much of the case was cited in both parties' briefs But specifically Paul, Houston, and James In those cases, too, the expert concluded That there's a particular amount of substance And the court later reversed that decision Because of the very issue that we're talking about here So I would just ask the court to not rely on Mr. Nicolosi's representation That just because this person is an expert We don't dispute that she's an expert But that is not enough The proper test must be done So unless the court has any additional questions I would thank you for your time I ask you to reduce Mr. Holloway's conviction to a misdemeanor Excuse me, a civil violation And remand this case for further proceedings And to vacate the sentence Thank you Thank you Okay, now we thank you for your arguments this afternoon And we'll take the matter under advisement And we'll issue a written decision as quickly as possible